FILED-CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
IN AND FOR THE EASTERN DISTRICT OF TEXAS 2007 JAN 18 AM 10: 46
MARSHALL DIVISION

TX EASTERN-MARSHALL

| | | |
|---|---|---|
| BALDWIN & BALDWIN, LLP | ' | |
| | ' | BY_____ |
|    Plaintiff | ' | |
| | ' | |
| vs. | ' | CAUSE NO.  **2 - 0 7 C V - 0 2 2** 𝒯𝒥𝒲 |
| | ' | |
| MOTLEY RICE, LLC; JOSEPH F. RICE; | | |
| NESS, MOTLEY, LOADHOLT, | ' | |
| RICHARDSON & POOLE, P.A.; NESS, | ' | |
| MOTLEY, LOADHOLT, RICHARDSON, | | |
| POOLE, LLC; AND MRRM, P.A. | ' | |
| | ' | |
| | ' | |
| | ' | |
| | ' | |
| | ' | |
|    Defendants | ' | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Baldwin & Baldwin, LLP, Plaintiff herein (and hereinafter referred to at times as "Plaintiff"), and files this its Plaintiff's Original Complaint complaining of Defendants, Motley Rice, LLC; Joseph F. Rice; Ness, Motley, Loadholt, Richardson & Poole, P.A.; Ness, Motley, Loadholt, Richardson & Poole, LLC; and MRRM, P.A. ("Defendants"), and for cause of action would respectfully show this Honorable Court the following:

I

## PARTIES

1. Plaintiff, Baldwin & Baldwin, LLP is a Texas limited liability partnership with its principal place of business in Harrison County, Texas.

2. Defendant, Motley Rice, LLC, is a South Carolina corporation with its principal place of business in South Carolina. Motley Rice, LLC may be served with citation through its registered agent: Joseph F. Rice, 28 Bridgeside Blvd, Mount Pleasant, South Carolina 29464.

3. Defendant, Joseph F. Rice, is a resident of the State of South Carolina and may be served at 28 Bridgeside Blvd, Mount Pleasant, South Carolina 29464.

4. Defendant, Ness, Motley, Loadholt, Richardson & Poole, P.A., is a South Carolina professional association with its principal place of business in South Carolina and may be served with citation through its registered agent: Joseph F. Rice, 28 Bridgeside Blvd, Mount Pleasant, South Carolina 29464.

5. Defendant, Ness, Motley, Loadholt, Richardson & Poole, LLC, is a South Carolina corporation with its principal place of business in South Carolina and may be served with citation through its registered agent: Joseph F. Rice, 28 Bridgeside Blvd, Mount Pleasant, South Carolina 29464.

6. Defendant, MRRM, P.A., is a South Carolina professional association with its principal place of business in South Carolina and may be served with citation through its registered agent: Joseph F. Rice, 28 Bridgeside Blvd, Mount Pleasant, South Carolina 29464.

II.

## JURISDICTION

7. Venue is proper in the Eastern District of Texas, Marshall Division pursuant to 28 U.S.C. §1391(a), as the Eastern District of Texas, Marshall Division is a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, including the work performed by the Plaintiff made the subject of this suit, and the negotiation, agreement, and place

2

of contracting

8. Plaintiff asserts that jurisdiction is proper before this Court pursuant to 28 U.S.C.

§1332(a)(1), as there is complete diversity of citizenship of the parties named in this Complaint.

9. Additionally, the amount in controversy exceeds the minimum jurisdictional limits of

this Court, as the matter in controversy exceeds the sum or value of $75,000, exclusive of interest

and costs, pursuant to 28 U.S.C. §1332(a).

10. Plaintiff has satisfied all conditions precedent to bringing this suit.

III.

## FACTUAL BACKGROUND

11. At all times material hereto, Defendants were engaged in the business of the practice

of law, specifically representing various entities or groups who sought and obtained legal

representation for the pursuit of their claims arising out of exposure to asbestos or asbestos-

containing products ("Canadian Asbestos Litigation") and/or monies paid to individuals for

injuries arising from exposure to asbestos.

12. During the course of the representation of the aforementioned group, the Defendants

became affiliated and associated with the law firm of Baldwin & Baldwin, and reached certain

agreements with respect to the joint representation of this group in various cases filed on behalf

of members of this group.

13. More specifically, on September 6, 2000, Defendants entered into a contract with the

Plaintiff, wherein Defendants agreed to split the legal fees received out of the representation of

these groups or entities. This joint agreement and contract covered the claims of seven hundred

seventy-seven (777) claimants referred to at times as the "Canadian Fort Worth Federal Court

3

Filings" and also as the "Northern District Cases," that were filed in the United States District Court of Texas, Fort Worth Division.

14. Pursuant to the terms of the aforementioned contract, the Plaintiff was to receive fifteen percent (15%) of the legal fees generated from these claims. Pursuant to the terms of the contract, certain fees were received by the Plaintiff from the Defendants beginning in the fall of 2000 and continuing through the end of 2004.

15. At some point, thereafter, Plaintiff stopped receiving the legal fees generated from the "Canadian Fort Worth Federal Court Filings" and made inquiries to the Defendants in an attempt to determine whether fees had been received and whether the agreed-upon percentage would be forwarded to Plaintiff for such fees, if any. In December of 2006, Plaintiff was informed by Defendants, Joseph F. Rice and Motley Rice LLC, that it could not honor any past agreements on these cases (i.e., the "Canadian Fort Worth Federal Court Filings," also referred to as the "Northern District Cases").

16. Furthermore, in September of 1988, Defendants entered into a similar contract with Plaintiff involving a group of cases known as the "Murphy/Webb" cases (also involving the assertion by Canadian citizens of claims for exposure to asbestos and asbestos-containing products) that were filed in Texas state courts. Pursuant to the terms of the contract covering the "Murphy/Webb" cases, the Plaintiff was to receive fifty percent (50%) of any fees generated as a result of settlements or litigation recoveries. Plaintiff has reason to believe and alleges that Defendants have not and are not honoring the terms of said contract.

17. Additionally, in September of 2003, Defendants, Motley Rice, LLC and Joseph F. Rice, entered into a similar contract with Plaintiff involving a group of cases known as the

4

"Arkandakis" cases (also involving the assertion by Canadian citizens of claims for exposure to asbestos and asbestos-containing products) that were filed in the United States District Court for the Eastern District of Texas. Pursuant to the terms of the contract covering the "Arkandakis" cases, the Plaintiff was to receive fifty percent (50%) of any fees generated as a result of settlements or litigation recoveries. Plaintiff has reason to believe and alleges that Defendants have not and are not honoring the terms of said contract.

IV.

## BREACH OF CONTRACT

18. Plaintiff realleges, as if fully set forth in this section, each and every allegation contained in paragraphs 1 to 17 above and allege further:

19. Defendants are in breach of the aforementioned contracts for having collected legal fees that are subject to the contracts and failed to submit the portion of the subject fees to the Plaintiff as required by the contracts in question.

20. Pleading further herein, the aforementioned Defendants' breaches of contract have proximately caused damages to the Plaintiff in an amount to be determined that exceeds the minimum jurisdictional limits of this Court.

21. Pleading further herein, the Plaintiff has requested payment according to the terms of the aforementioned contracts, and Defendants have failed to honor the terms of this contractual agreements.

22. Pleading further herein, following the movement of some of these cases to Motley Rice LLC, said Defendant continued to make payments to the Plaintiff pursuant to the terms of the contracts. However, Defendants, Joseph F. Rice and Motley Rice LLC, have unilaterally

5

indicated that they will no longer honor the terms of these contracts.

23. Pleading further herein, and in the alternative, Defendants are estopped from refusing to honor the terms of the aforementioned contracts.

V.

## **ACCOUNTING**

24. Pleading further herein, and in the alternative, Plaintiff realleges, as if fully set forth in this section, each and every allegation contained in paragraphs 1 to 17 above and allege further:

25. Pleading further herein, and in the alternative, the exact amount of and extent to which the portion of fees due the Plaintiff under its contract with Defendants are unknown to the Plaintiff and cannot be determined without an accounting of the transactions relating to the receipt of settlement proceeds for the claims concerning the "Canadian Fort Worth Federal Court Filings," the "Murphy/Webb" cases, the "Arkandakis" cases, and the Worobey and Cook cases.

26. Pleading further herein, and in the alternative, an investigation of the accounts relating to funds received for settlements of claims concerning the "Canadian Fort Worth Federal Court Filings," the "Murphy/Webb" cases, the "Arkandakis" cases, and the Worobey and Cook cases is necessary since there is no adequate remedy at law and in order to establish the value of the interests of the parties.

27. Pleading further herein, and in the alternative, the Defendants have refused to provide the necessary information to determine to full amount due and owing by the Defendants to the Plaintiff, thereby necessitating the equitable remedy sought via this cause of action.

28. Pleading further herein, and in the alternative, Plaintiff has demanded that

6

Defendants account for these transactions and pay to Plaintiff its share of the fees realized from the pursuit of the claims relating to the "Canadian Fort Worth Federal Court Filings," the "Murphy/Webb" cases, the "Arkandakis" cases, and the Worobey and Cook cases. Defendants have failed and refused, and continue to fail and refuse, to render an accounting or to pay Plaintiff its share of the fees realized from the pursuit of the claims relating to these cases.

VI

**ATTORNEY FEES**

29. Pleading further, Plaintiff hereby seeks recovery of its attorney fees related to this matter pursuant to §§38.001, *et seq.* of the Texas Civil Practice & Remedies Code.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendants be cited to appear and answer, and that on final trial, Plaintiff have the following:

1. An order that Defendants render an accounting to Plaintiff of the amounts owed

2. Judgment against Defendants for a sum to be determined in the accounting, which amount is within the jurisdictional limits of this Court

3. Prejudgment interest as provided by law

4. Postjudgment interest as provided by law

5. Costs of suit.

6. Reasonable and necessary attorneys' fees.

7. Such other and further relief to which Plaintiff may be justly entitled at law or in equity.

7

Respectfully submitted,

ORGAIN, BELL & TUCKER, LLP
470 Orleans, Suite 400
P.O. Box 1751
Beaumont, Texas  77704-1751
409-838-6412—phone
409-838-6959—facsimile
cac@obt.com--(email Gilbert I. Low)
jpc@obt.com--(email-Jack Carroll)


By: _Gilbert I. Low by JPC_
Gilbert I. Low—Attorney-in-charge
Texas State Bar No. 12619000
Jack P. Carroll
Texas State Bar No. 03886000