UNITED STATES DISTRICT COURT
IN AND FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| BALDWIN & BALDWIN, LLP | ' |
| Plaintiff | ' |
| vs. | ' CAUSE NO. 2:07-CV-022 (TJW) |
| MOTLEY RICE, LLC; MOTLEY RICE LLC; JOSEPH F. RICE; NESS, MOTLEY, LOADHOLT, RICHARDSON & POOLE, P.A.; NESS, MOTLEY, LOADHOLT, RICHARDSON & POOLE, PROFESSIONAL ASSOCIATION; NESS, MOTLEY, LOADHOLT, RICHARDSON, POOLE, LLC; NESS, MOTLEY, LOADHOLT, RICHARDSON & POOLE, LLC; MRRM, P.A.; AND MRRM, P.A., AS SUCCESSOR IN INTEREST TO NESS, MOTLEY, LOADHOLT, RICHARDSON & POOLE, PROFESSIONAL ASSOCIATION | ' JURY |
| Defendants | ' |

## PLAINTIFF'S SECOND AMENDED ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Baldwin & Baldwin, LLP, Plaintiff herein (and hereinafter referred to at times as "Plaintiff"), and files this its Plaintiff's Second Amended Original Complaint complaining of Defendants, Motley Rice, LLC; Motley Rice LLC; Joseph F. Rice; Ness, Motley, Loadholt, Richardson & Poole, P.A.; Ness, Motley, Loadholt, Richardson & Poole, Professional Association; Ness, Motley, Loadholt, Richardson & Poole, LLC; MRRM, P.A.;

MRRM, P.A., as successor in interest to Ness, Motley, Loadholt, Richardson & Poole, Professional Association ("Defendants"), and for cause of action would respectfully show this Honorable Court the following:

I.

## PARTIES

1. Plaintiff, Baldwin & Baldwin, LLP is a Texas limited liability partnership with its principal place of business in Harrison County, Texas.

2. Defendant, Motley Rice, LLC (or as identified in Defendants' Initial Disclosure as Motley Rice LLC) (collectively referred to herein at times as "Motley Rice, LLC"), is a South Carolina limited liability company with its principal place of business in South Carolina. Motley Rice, LLC may be served with citation by serving the Texas Secretary of State as an agent for service of process on a nonresident pursuant to TEX. CIV. PRAC. & REM. CODE § 17.044(b). Motley Rice, LLC is a nonresident doing business in Texas. Specifically defendant Motley Rice, LLC is engaged in the business of the practice of law in Texas. This lawsuit arises out of defendant Motley Rice, LLC's business in Texas, and more specifically, arises out of agreements entered into between Motley Rice, LLC and plaintiff in Texas, which concerned legal fees received from litigation that originated in Texas. Defendant Motley Rice, LLC does not maintain a regular place of business in Texas. Defendant Motley Rice, LLC has not designated an agent for service of process in Texas. Defendant Motley Rice, LLC may also be served through its registered agent in South Carolina: Joseph F. Rice, 28 Bridgeside Blvd, Mount Pleasant, South Carolina 29464, or wherever he may be found. This Defendant has been served and has appeared before this Court.

3. Defendant, Joseph F. Rice, is a resident of the State of South Carolina and may be

2

served with citation by serving the Texas Secretary of State as an agent for service of process on a nonresident pursuant to TEX. CIV. PRAC. & REM. CODE § 17.044(b). Joseph F. Rice is a nonresident doing business in Texas. Specifically, defendant Joseph F. Rice is engaged in the business of the practice of law in Texas. This lawsuit arises out of defendant Joseph F. Rice's business in Texas, and more specifically, arises out of agreements entered into between Joseph F. Rice and plaintiff in Texas, which concerned legal fees received from litigation that originated in Texas. Defendant Joseph F. Rice does not maintain a regular place of business in Texas. Defendant Joseph F. Rice has not designated an agent for service of process in Texas. Defendant Joseph F. Rice may also be served at 28 Bridgeside Blvd, Mount Pleasant, South Carolina 29464, or wherever he may be found. This Defendant has been served and has appeared before this Court.

4. Defendant, Ness, Motley, Loadholt, Richardson & Poole, P.A., (or as identified in Defendants' Initial Disclosure as Ness, Motley, Loadholt, Richardson & Poole, Professional Association) (collectively referred to herein at times as "Ness, Motley, Loadholt, Richardson & Poole, P.A."), is a South Carolina professional association with its principal place of business in South Carolina and may be served with citation by serving the Texas Secretary of State as an agent for service of process on a nonresident pursuant to TEX. CIV. PRAC. & REM. CODE § 17.044(b). Ness, Motley, Loadholt, Richardson & Poole, P.A. is a nonresident doing business in Texas. Specifically, defendant Ness, Motley, Loadholt, Richardson & Poole, P.A. is engaged in the business of the practice of law in Texas. This lawsuit arises out defendant Ness, Motley, Loadholt, Richardson & Poole, P.A.'s business in Texas, and more specifically, arises out of agreements entered into between Ness, Motley, Loadholt, Richardson & Poole, P.A. and plaintiff in Texas, which concerned legal fees received from litigation that originated in Texas.

Defendant Ness, Motley, Loadholt, Richardson & Poole, P.A. does not maintain a regular place of business in Texas. Defendant Ness, Motley, Loadholt, Richardson & Poole, P.A. has not designated an agent for service of process in Texas. Defendant Ness, Motley, Loadholt, Richardson & Poole, P.A. may also be served with citation through its registered agent in South Carolina: Joseph F. Rice, 28 Bridgeside Blvd, Mount Pleasant, South Carolina 29464, or wherever he may be found. This Defendant has been served and has appeared before this Court.

5. Defendant, Ness, Motley, Loadholt, Richardson & Poole, LLC, is a South Carolina corporation with its principal place of business in South Carolina and may be served with citation by serving the Texas Secretary of State as an agent for service of process on a nonresident pursuant to TEX. CIV. PRAC. & REM. CODE § 17.044(b). Ness, Motley, Loadholt, Richardson & Poole, LLC is a nonresident doing business in Texas. Specifically, defendant Ness, Motley, Loadholt, Richardson & Poole, LLC is engaged in the business of the practice of law in Texas. This lawsuit arises out of defendant Ness, Motley, Loadholt, Richardson & Poole, LLC's business in Texas, and more specifically, arises out of agreements entered into between Ness, Motley, Loadholt, Richardson & Poole, LLC and plaintiff in Texas, which concerned legal fees received from litigation that originated in Texas. Defendant Ness, Motley, Loadholt, Richardson & Poole, LLC does not maintain a regular place of business in Texas. Defendant Ness, Motley, Loadholt, Richardson & Poole, LLC has not designated an agent for service of process in Texas. Defendant Ness, Motley, Loadholt, Richardson & Poole, LLC may also be served with citation through its registered agent in South Carolina: Joseph F. Rice, 28 Bridgeside Blvd, Mount Pleasant, South Carolina 29464, or wherever he may be found. This Defendant has been served and has appeared before this Court.

6. Defendant, MRRM, P.A. (or as identified in Defendants' Initial Disclosure as MRRM,

P.A., as successor in interest to Ness, Motley, Loadholt, Richardson & Poole, Professional Association) (collectively referred to herein at times as "MRRM, P.A."), is a South Carolina professional association with its principal place of business in South Carolina and may be served with citation by serving the Texas Secretary of State as an agent for service of process on a nonresident pursuant to TEX. CIV. PRAC. & REM. CODE § 17.044(b). MRRM, P.A. is a nonresident doing business in Texas. Specifically, defendant MRRM, P.A. is engaged in the business of the practice of law in Texas. This lawsuit arises out defendant MRRM, P.A.'s business in Texas, and more specifically, arises out of agreements entered into between MRRM, P.A. and plaintiff in Texas, which concerned legal fees received from litigation that originated in Texas. Defendant MRRM, P.A. does not maintain a regular place of business in Texas. Defendant MRRM, P.A. has not designated an agent for service of process in Texas. Defendant MRRM, P.A. may also be served with citation through its registered agent in South Carolina: Joseph F. Rice, 28 Bridgeside Blvd, Mount Pleasant, South Carolina 29464, or wherever he may found. This Defendant has been served and has appeared before this Court.

II.

## JURISDICTION

7. Venue is proper in the Eastern District of Texas, Marshall Division pursuant to 28 U.S.C. §1391(a), as the Eastern District of Texas, Marshall Division is a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, including the work performed by the Plaintiff made the subject of this suit, and the negotiation, agreement, and place of contracting.

8. Plaintiff asserts that jurisdiction is proper before this Court pursuant to 28 U.S.C. §1332(a)(1), as there is complete diversity of citizenship of the parties named in this Complaint.

9. Additionally, the amount in controversy exceeds the minimum jurisdictional limits of this Court, as the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, pursuant to 28 U.S.C. §1332(a).

10. The Court has personal jurisdiction over defendants as all defendants have purposefully availed themselves of the privileges and laws of the State of Texas. Defendants have generally availed themselves to the benefits, protections, privileges and laws of the State of Texas by litigating hundreds, if not thousands, of civil lawsuits in Texas through their practice of law in Texas. As a result, defendants have had continuous and systematic contacts with the State of Texas for a number of years. Further, defendants purposefully engaged plaintiff to provide litigation assistance in Texas and entered into ongoing agreements with Plaintiff in Texas concerning the Texas litigation. This action arises out defendants' breach of said agreements for fees received by defendants with respect to litigation originated in Texas.

11. Plaintiff has satisfied all conditions precedent to bringing this suit.

III.

**FACTUAL BACKGROUND**

12. At all times material hereto, Defendants were engaged in the business of the practice of law, specifically representing various entities or groups who sought and obtained legal representation for the pursuit of their claims arising out of exposure to asbestos or asbestos-containing products ("Canadian Asbestos Litigation") and/or monies paid to individuals for injuries arising from exposure to asbestos.

13. During the course of the representation of the aforementioned group, the Defendants became affiliated and associated with the law firm of Baldwin & Baldwin, and reached certain agreements with respect to the joint representation of this group in various cases filed on behalf

of members of this group.

14. More specifically, on September 6, 2000, Defendants entered into a contract with the Plaintiff, wherein Defendants agreed to split the legal fees received out of the representation of these groups or entities. This joint agreement and contract covered the claims of seven hundred seventy-seven (777) claimants referred to at times as the "Canadian Fort Worth Federal Court Filings" and also as the "Northern District Cases," that were filed in the United States District Court of Texas, Fort Worth Division.

15. Pursuant to the terms of the aforementioned contract, the Plaintiff was to receive fifteen percent (15%) of the legal fees generated from these claims. Pursuant to the terms of the contract, certain fees were received by the Plaintiff from the Defendants beginning in the fall of 2000 and continuing through the end of 2004.

16. At some point, thereafter, Plaintiff stopped receiving the legal fees generated from the "Canadian Fort Worth Federal Court Filings" and made inquiries to the Defendants in an attempt to determine whether fees had been received and whether the agreed-upon percentage would be forwarded to Plaintiff for such fees, if any. In December of 2006, Plaintiff was informed by Defendants, Joseph F. Rice and Motley Rice LLC, that the Defendants could not honor any past agreements on these cases (i.e., the "Canadian Fort Worth Federal Court Filings," also referred to as the "Northern District Cases").

17. Furthermore, in September of 1988, Defendants entered into a similar contract with Plaintiff involving a group of cases known as the "Murphy/Webb" cases (also involving the assertion by Canadian citizens of claims for exposure to asbestos and asbestos-containing products) that were filed in Texas state courts. Pursuant to the terms of the contract covering the "Murphy/Webb" cases, the Plaintiff was to receive fifty percent (50%) of any fees generated as a

result of settlements or litigation recoveries. Plaintiff has reason to believe and alleges that Defendants have not and are not honoring the terms of said contract. Defendants have engaged in similar conduct with respect to cases identified as the "Worebey Case," and the "Cook Case."

18. Additionally, in September of 2003, Defendants, Motley Rice, LLC and Joseph F. Rice, entered into a similar contract with Plaintiff involving a group of cases known as the "Archondakis" cases (also involving the assertion by Canadian citizens of claims for exposure to asbestos and asbestos-containing products) that were filed in the United States District Court for the Eastern District of Texas. Pursuant to the terms of the contract covering the "Arkandakis" cases, the Plaintiff was to receive fifty percent (50%) of any fees generated as a result of settlements or litigation recoveries. Plaintiff has reason to believe and alleges that Defendants have not and are not honoring the terms of said contract.

IV.

**BREACH OF CONTRACT**

19. Plaintiff realleges, as if fully set forth in this section, each and every allegation contained in paragraphs 1 to 18 above and allege further:

20. Defendants are in breach of the aforementioned contracts for having collected legal fees that are subject to the contracts and failed to submit the portion of the subject fees to the Plaintiff as required by the contracts in question.

21. Pleading further herein, the aforementioned Defendants' breaches of contract have proximately caused damages to the Plaintiff in an amount to be determined that exceeds the minimum jurisdictional limits of this Court.

22. Pleading further herein, the Plaintiff has requested payment according to the terms of the aforementioned contracts, and Defendants have failed to honor the terms of this contractual

agreements.

23. Pleading further herein, following the movement of some of these cases to Motley Rice LLC, said Defendant continued to make payments to the Plaintiff pursuant to the terms of the contracts. However, Defendants, Joseph F. Rice and Motley Rice LLC, have unilaterally indicated that they will no longer honor the terms of these contracts.

24. Pleading further herein, and in the alternative, Defendants are estopped from refusing to honor the terms of the aforementioned contracts.

V.

## ACCOUNTING

25. Pleading further herein, and in the alternative, Plaintiff realleges, as if fully set forth in this section, each and every allegation contained in paragraphs 1 to 24 above and allege further:

26. Pleading further herein, and in the alternative, the exact amount of and extent to which the portion of fees due the Plaintiff under its contract with Defendants are unknown to the Plaintiff and cannot be determined without an accounting of the transactions relating to the receipt of settlement proceeds for the claims concerning the "Canadian Fort Worth Federal Court Filings," the "Murphy/Webb" cases, the "Archondakis" cases, and the Worobey and Cook cases.

27. Pleading further herein, and in the alternative, an investigation of the accounts relating to funds received for settlements of claims concerning the "Canadian Fort Worth Federal Court Filings," the "Murphy/Webb" cases, the "Archondakis" cases, and the Worobey and Cook cases is necessary since there is no adequate remedy at law and in order to establish the value of the interests of the parties.

28. Pleading further herein, and in the alternative, the Defendants have refused to

provide the necessary information to determine to full amount due and owing by the Defendants to the Plaintiff, thereby necessitating the equitable remedy sought via this cause of action.

29. Pleading further herein, and in the alternative, Plaintiff has demanded that Defendants account for these transactions and pay to Plaintiff its share of the fees realized from the pursuit of the claims relating to the "Canadian Fort Worth Federal Court Filings," the "Murphy/Webb" cases, the "Archondakis" cases, and the Worobey and Cook cases. Defendants have failed and refused, and continue to fail and refuse, to render an accounting or to pay Plaintiff its share of the fees realized from the pursuit of the claims relating to these cases.

VI.

## JOSEPH F. RICE

30. Pleading further, Plaintiff realleges, as if fully set forth in this section, each and every allegation contained in paragraphs 1 to 29 above and allege further that Joseph F. Rice is further liable for the conduct, allegations, causes of action, and damages asserted herein, as based upon information and belief, Defendant, Joseph F. Rice, has served as the managing partner, a managing member, or managing director of the entity Defendants named herein at times relevant to the actionable conduct alleged herein and pursuant to existing law is liable in his individual capacity for said conduct and allegations and the damages proximately caused thereby.

VII.

31. Pleading in the alternative, Plaintiff invokes the doctrines of promissory estoppel and estoppel to rebut allegations made by Defendants to the extent same are accepted by this Court, in that Defendants had promised to comply with the agreements/contracts reached with the Plaintiff and now seek through the assertion of various defenses to negate Defendants' enforceable obligations to the Plaintiff. Defendants made certain promises through the

aforementioned agreements/contracts and ensuing conduct to make payments to the Plaintiff as called for in the aforementioned agreements/contracts to induce the assistance of Plaintiff with respect to the subject claims. Defendants could foresee that Plaintiff would rely on these promises and Plaintiff took definite and substantial actions in, for, and in furtherance of the subject claims after relying upon these promises to Plaintiff's detriment. Injustice can only be avoided through enforcement of the aforementioned agreements/contracts.

VIII.

32. Pleading further in the alternative, Plaintiff invokes the doctrines of quasi-estoppel and ratification to rebut allegations made by Defendants to the extent same are accepted by this Court, in that Defendants acts and omissions as alleged in paragraphs 1 through 31 above, constitute a ratification of agreements/contracts that Defendants now seek to avoid through the assertion of various defenses, and the attempts of the Defendants to avoid their obligations under the aforementioned agreements/contracts are prohibited under the doctrine of quasi-estoppel.

IX.

33. Pleading further in the alternative, while Defendants have failed to plead which ethical provisions or rules they rely upon in asserting that the aforementioned agreements/contracts are unconscionable, illegal and void as a matter of public policy, Plaintiff asserts that any provision or rule relied upon to obtain such a conclusion would be unconstitutional under the Constitutions of both the State of Texas and the United States Supreme Court as being unconstitutionally vague and ambiguous, an unconstitutional taking of vested contractual rights, and an unconstitutional *ex post facto* law, provision or rule.

34. Pleading further herein, while Defendants have asserted that certain ethical provisions or rules prevent Defendants from honoring the agreements/contracts entered into with

11

the Plaintiff, Plaintiff would show that Defendants have engaged in a pattern of unethical and illegal conduct, as well as breaches of fiduciary duties, with respect to its clients/claimants, with respect to fee sharing agreements of the type at issue in this case, and other agreements that constitute a pattern of conduct and further establishes that the issues and defenses raised by Defendants herein are a ruse designed merely to avoid meeting their obligations to the Plaintiff herein.

X.

## DECLARATORY JUDGMENT ACTION

35.    Pleading further herein, and repeating, as if fully set forth in this section, the allegations contained in paragraphs 1 to 33 above, has an actual, justiciable controversy with Defendants regarding the rights and obligations of the parties herein relating to the aforementioned agreements/contracts to determine the enforceability of the agreements/contracts at issue and the right and obligations of the parties under those agreements/contracts.

35.    Plaintiff seeks judgment (i) declaring the rights and obligations of the parties under the aforementioned agreements/contracts; (ii) declaring the rights and obligations of the parties regarding settlements or judgments already received, or negotiated, but not yet disclosed to the Plaintiff herein as of the time of judgment herein that relate to the aforementioned agreements/contracts; and (iii) the rights and obligations of the parties regarding settlements or judgments received in the future that are subject to the aforementioned agreements/contracts.

XI.

## ATTORNEY FEES

36. Pleading further, Plaintiff hereby seeks recovery of its attorney fees related to this matter pursuant to §§37.001, *et seq.*, and §§38.001, *et seq.* of the Texas Civil Practice &

Remedies Code.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendants be cited to appear and answer, and that on final trial, Plaintiff have the following:

1. An order that Defendants render an accounting to Plaintiff of the amounts owed;

2. Judgment against Defendants for a sum to be determined in the accounting, which amount is within the jurisdictional limits of this Court;

3. Judgment against Defendants for damage to be determined upon trial hereof;

4. Judgment (i) declaring the rights and obligations of the parties under the aforementioned agreements/contracts; (ii) declaring the rights and obligations of the parties regarding settlements or judgments already received, or negotiated, but not yet disclosed to the Plaintiff herein as of the time of judgment herein that relate to the aforementioned agreements/contracts; and (iii) the rights and obligations of the parties regarding settlements or judgments received in the future that are subject to the aforementioned agreements/contracts;

5. Prejudgment interest as provided by law;

6. Postjudgment interest as provided by law;

7. Costs of suit.

8. Reasonable and necessary attorneys' fees.

9. Such other and further relief to which Plaintiff may be justly entitled at law or in equity.

Respectfully submitted,

ORGAIN, BELL & TUCKER, LLP
470 Orleans, Suite 400
P.O. Box 1751
Beaumont, Texas 77704-1751
409-838-6412—phone
409-838-6959—facsimile
cac@obt.com--(email Gilbert I. Low)
jpc@obt.com--(email-Jack Carroll)

By: /s/ Jack Carroll
Gilbert I. Low—Attorney-in-charge
Texas State Bar No. 12619000
Jack P. Carroll
Texas State Bar No. 03886000

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was properly mailed to all counsel of record by:

✓ via ECF;

on this _5th_ day of September, 2007.

Jack P. Carroll