UNITED STATES DISTRICT COURT
IN AND FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| BALDWIN & BALDWIN, LLP | ' | |
| Plaintiff | ' | |
| vs. | ' | CAUSE NO. 2:07-CV-022 (TJW) |
| MOTLEY RICE, LLC; MOTLEY RICE LLC; JOSEPH F. RICE; NESS, MOTLEY, LOADHOLT, RICHARDSON & POOLE, P.A.; NESS, MOTLEY, LOADHOLT, RICHARDSON & POOLE, PROFESSIONAL ASSOCIATION; NESS, MOTLEY, LOADHOLT, RICHARDSON, POOLE, LLC; NESS, MOTLEY, LOADHOLT, RICHARDSON & POOLE, LLC; MRRM, P.A.; AND MRRM, P.A., AS SUCCESSOR IN INTEREST TO NESS, MOTLEY, LOADHOLT, RICHARDSON & POOLE, PROFESSIONAL ASSOCIATION | ' | JURY |
| Defendants | ' | |

## PLAINTIFF'S, BALDWIN & BALDWIN LLP, ORIGINAL ANSWER TO DEFENDANT'S, MOTLEY RICE LLC, AMENDED COUNTERCLAIMS

COMES NOW, Baldwin & Baldwin, LLP, Plaintiff herein (and hereinafter referred to at times as "Plaintiff"), and files this its Plaintiff's, Baldwin & Baldwin, LLP Original Answer to Defendant's, Motley Rice LLC ("Defendant"), Amended Counterclaims, and would respectfully show this Honorable Court the following:

1. Defendant has sought to bring counterclaims against Plaintiff, and in so doing, has sought to "re-allege all of its prior allegations" from, apparently (although unclear), its answer to Plaintiff's First Amended Complaint, which appears to be inconsistent with a properly pled counterclaims.  To the extent necessary, Plaintiff reasserts its allegations made in Plaintiff's First Amended Original Complaint or as amended in Plaintiff's Second Amended Original Complaint in response to the corresponding paragraphs from Defendant's answer, and to the extent necessary, denies the unspecified allegations contained in or referenced in paragraph 43.

2. Plaintiff can neither admit or deny the allegations contained in paragraph 44 because of insufficient information.

3. Plaintiff admits that Motley Rice LLC appears to have been established in 2003. Plaintiff further admits that certain cases being handled by NMLRP were transferred to Motley Rice LLC.  Plaintiff can neither admit or deny the remaining allegations in paragraph 45 because of insufficient information.

4. Plaintiff admits the allegations contained in paragraph 46.  Plaintiff also contends that Motley Rice LLC engages in the practice of law in Texas and that this lawsuit arises out of Defendant's business in Texas, and more specifically, arises out of agreements entered into between Defendants and plaintiff in Texas, which concerned legal fees received from litigation that originated in Texas.

5. Plaintiff admits the allegations contained in paragraph 47 and denies said allegations to the extent that said allegations attempt to allege that only NMLR&P were representing the clients in these cases and to the extent that said allegations attempt to suggest that Plaintiff did not represent the clients in this litigation.

6. Plaintiff denies the allegations contained in paragraph 48 to the extent that it attempts

to allege that only Defendant has had the responsibility for legal representation of the remaining Murphy/Webb cases and that only Defendant has assumed responsibility for the work, as Plaintiff has continued in its legal representation and performance of work. Otherwise, the allegations contained in Paragraph 48 are admitted.

7. Plaintiff denies the allegations contained in paragraph 49.

8. Plaintiff admits the allegations contained in paragraph 50.

9. Plaintiff denies the allegations contained in paragraph 51.

10. Plaintiff denies the allegations contained in paragraph 52.

11. Plaintiff denies the allegations contained in paragraph 53. .

12. Plaintiff admits that the Plaintiff has not been formally listed as counsel of record in the Northern District cases. Otherwise, Plaintiff denies the allegations contained in paragraph 54.

13. Plaintiff denies the allegations contained in paragraph 55.

14. Plaintiff denies the allegations contained in paragraph 56.

15. Plaintiff denies the allegations contained in paragraph 57.

16. Plaintiff admits that Defendant has negotiated some settlements for Northern District clients with potential defendants not named as parties in the filed cases. Otherwise, Plaintiff denies the allegations contained in paragraph 58.

17. While the case count may be inaccurate, Plaintiff admits the remaining allegations contained in paragraph 59.

18. Plaintiff admits that Defendant and Plaintiff entered into an agreement with respect to the Archondakis cases. Otherwise, Plaintiff denies the allegations contained in paragraph 60.

19. Plaintiff denies the allegations contained in paragraph 61.

20. Plaintiff admits that Defendant has negotiated some settlements for Archondakis clients with potential defendants not named as parties in the filed cases. Otherwise, Plaintiff denies the allegations contained in paragraph 62.

21. Plaintiff denies the allegations contained in paragraph 63.

22. Plaintiff denies the allegations contained in paragraph 64.

23. Plaintiff denies the allegations contained in paragraph 65.

24. Defendant has sought to bring counterclaims against Plaintiff, and in so doing, has sought to "re-allege all of its prior allegations" from its answer to Plaintiff's First Amended Complaint, which appears to be inconsistent with a properly pled counterclaims. To the extent necessary, Plaintiff reasserts its allegations made in Plaintiff's First Amended Original Complaint or as amended in Plaintiff's Second Amended Original Complaint in response to the corresponding paragraphs from Defendant's answer, and to the extent necessary, denies the unspecified allegations contained in or referenced in paragraph 66.

25. Plaintiff denies the allegations contained in paragraph 67.

26. Plaintiff denies the allegations contained in paragraph 68.

27. Defendant has sought to bring counterclaims against Plaintiff, and in so doing, has sought to "re-allege all of its prior allegations" from its answer to Plaintiff's First Amended Complaint, which appears to be inconsistent with a properly pled counterclaims. To the extent necessary, Plaintiff reasserts its allegations made in Plaintiff's First Amended Original Complaint or as amended in Plaintiff's Second Amended Original Complaint in response to the corresponding paragraphs from Defendant's answer, and to the extent necessary, denies the unspecified allegations contained in or referenced in paragraph 69.

28. Plaintiff denies the allegations contained in paragraph 70.

29. Plaintiff denies allegations contained in the Prayer.

## **AFFIRMATIVE DEFENSES AND OTHER DEFENSES**

30. Pleading in the alternative, Plaintiff invokes the doctrines of promissory estoppel and estoppel to rebut allegations made by Defendants to the extent same are accepted by this Court, in that Defendants had promised to comply with the agreements/contracts reached with the Plaintiff and now seek through the assertion of various defenses to negate Defendants' enforceable obligations to the Plaintiff. Defendants made certain promises through the aforementioned agreements/contracts and ensuing conduct to make payments to the Plaintiff as called for in the aforementioned agreements/contracts to induce the assistance of Plaintiff with respect to the subject claims. Defendants could foresee that Plaintiff would rely on these promises and Plaintiff took definite and substantial actions in, for, and in furtherance of the subject claims after relying upon these promises to Plaintiff's detriment. Injustice can only be avoided through enforcement of the aforementioned agreements/contracts.

31. Pleading further in the alternative, Plaintiff invokes the doctrines of quasi-estoppel and ratification to rebut allegations made by Defendants to the extent same are accepted by this Court, in that Defendants acts and omissions as alleged in this cause, constitute a ratification of agreements/contracts that Defendants now seek to avoid through the assertion of various defenses, and the attempts of the Defendants to avoid their obligations under the aforementioned agreements/contracts are prohibited under the doctrine of quasi-estoppel.

32. Pleading further in the alternative, while Defendants have failed to plead which ethical provisions or rules they rely upon in asserting that the aforementioned agreements/contracts are unconscionable, illegal and void as a matter of public policy, Plaintiff asserts that any provision or rule relied upon to obtain such a conclusion would be

unconstitutional under the Constitutions of both the State of Texas and the United States Supreme Court as being unconstitutionally vague and ambiguous, an unconstitutional taking of vested contractual rights, and an unconstitutional *ex post facto* law, provision or rule.

33. Pleading further in the alternative, Defendants have asserted statutes of limitations as a defense in this matter. Plaintiff asserts that said defenses are inapplicable to this matter due to the discovery rule as to when Plaintiff became aware of the acts or omissions made the basis of its claims against Defendants, and further assert that the fraudulent concealment by Defendants of its acts or omissions and complained of conduct operates to invalidate any statutes of limitations defenses asserted by the Defendants.

34. Pleading further herein and in the alternative, to the extent that Defendants are successful in asserting that Plaintiff has failed to perform under the terms of the agreements/contracts, Plaintiff asserts that partial performance, alternatively, has occurred and Plaintiff is entitled to receive payment under the agreements to the extent of said performance.

35. Pleading further and in the alternative, while Plaintiff asserts that the terms of the contracts/agreements are unambiguous, to the extent that Defendants allege that contractual terms are ambiguous, Plaintiff asserts that said agreements were drafted by the Defendants and any ambiguity is to be construed against the drafter of the agreement.

36. Pleading further, Plaintiff asserts that Defendant is not entitled to the recovery sought herein due to the doctrine of unclean hands.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Court deny the relief sought by Defendants herein, find that Defendants are not entitled to the relief sought herein, that Defendants take nothing by way of their claims herein, that Defendants' claims be dismissed with prejudice, and for such other and further relief to which Plaintiff may show itself

justly entitled to receive, at law or in equity.

Respectfully submitted,

ORGAIN, BELL & TUCKER, LLP
470 Orleans, Suite 400
P.O. Box 1751
Beaumont, Texas 77704-1751
409-838-6412—phone
409-838-6959—facsimile
cac@obt.com--(email Gilbert I. Low)
jpc@obt.com--(email-Jack Carroll)

By: _/s/ Gilbert I. Low_____
Gilbert I. Low—Attorney-in-charge
Texas State Bar No. 12619000
Jack P. Carroll
Texas State Bar No. 03886000

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was properly mailed to all counsel of record by:

✓ via ECF;

on this __19th__ day of September, 2007.

_/s/ Jack Carroll_____
Jack P. Carroll

7